claims it as assignee under F. N. Clarke's bankruptcy; Benjamin F. Clarke and W. C. Pickersgill as judgment creditors of said F. N. Clarke prior to his bankruptcy, and Stanton, Barclay and Boothe also as creditors of said F. N. Clarke prior to his bankruptcy. The claim was presented and prosecuted by said Lally and Thayer, in the name of said F. N. Clarke alone, and the award was made in his name. All the parties now claiming the fund claim under or through him, and ought, and it is supposed, must take, if they establish their claims, subject to the burthen created and imposed by Clarke, upon the fund in favor of his attorneys for their services in recovering it.

"The court has established and carried out these agreements, where the power of attorney has contained an assignment of so much of the fund as the agent was to receive as compensation for his services. As in Betsy McIntosh's Case (McElrath v. McIntosh [Case No. 8,781]), one-half, in Fuller v. Clarke's Adm'r (not reported) one-half, and in Baldwin v. Wylie [Id. 18,228], on an agreement to be paid five per cent. out of the fund. Twenty per cent. is not an unusual commission on claims of this kind. The agreement, however, of Mr. Clarke is specific, and binds, it is supposed, those who claim through him, in favor of the agents who obtained the claim. All the claimants and the defendant are represented in this agreement to refer, viz.: Benjamin F. Clarke, Barclay and Hackett by Mr. Carlisle; Stanton by Mr. Abert; Chester and Fleming, et al. by Mr. Hall; Boothe by Mr. Bradley. The defendant by Mr. Hays and Mr. Lawrence, and Pickersgill by Mr. Hall."

J. M. Carlisle, for complainants.
John L. Hayes, for defendants.

Before CRANCH, Chief Judge. and MORSELL and DUNLOP, Circuit Judges.

THE COURT decided that the commission of said Lally agreed to be paid by the said Clarke out of this fund, and assigned to said Lally by said Clarke, is a lien upon the said fund, ratifying and confirming the auditor's report; decreeing that the sum of $17,357.20, with interest thereon, from the 21st day of June, 1851, and that the injunctions granted in the causes be dissolved as to the said sum and interest.

The following is the decree of THE COURT in the cause under consideration:

This cause having been set for hearing by consent of parties and by order of the court, on bill, petitions and exhibits, and on answers and exhibits, and on general replications and testimony on both sides, and having been fully argued by counsel. It is now this 30th day of May, 1853, by the court ordered, adjudged and decreed that the fund in controversy in this cause, to wit: the sum of sixty-nine thousand four hundred and twenty-nine dollars and four cents, which is remaining in the treasury of the United States, of the amount of the award to Ferdinand N. Clarke, mentioned in the bill, petitions and answers, deducting therefrom the complainant's costs, here to be taxed by the clerk, be paid over to the complainant, William H. Y. Hackett, assignee in bankruptcy of said Ferdinand N. Clarke, for distribution in the bankrupt court, where the proceedings in bankruptcy are pending, to wit: the district court of the United States, for the district of New Hampshire, under the orders of the said court, according to the respective rights of the creditors of said bankrupt, to whom the said court may order the same to be distributed.

On appeal, the court was sustained. See 17 How. [58 U. S.] 315.

## Case No. 18,280.

### CLARKE v. CLARKE.

[Nowhere reported. Opinion not now accessible.]

CLARKE (JOHNSTON v.). See Case No. 18,303.

CLARKE v. SECRETARY OF THE TREASURY. See Case No. 18,279.

CORCORAN (JUDSON v.). See Case No. 18,304.

## Case No. 18,281.

### CORPORATION OF GEORGETOWN v. UNITED STATES.

[2 Hayw. & H. 302.] [1]

Circuit Court, District of Columbia. Aug. 25, 1858.

MUNICIPAL CORPORATIONS—REPAIRING ROADS OUTSIDE OF CORPORATE LIMITS—INDICTMENT FOR NEGLECT.

1. A municipal corporation has no authority to take upon itself the burden of repairing a road or turnpike, in which the public as well as the corporation are interested, when the same is outside the limits of said corporation.

2. Where it is the duty of the levy court to keep in repair all the roads in the county, outside the corporate limits of Georgetown, an ordinance passed by the corporation, stipulating that the corporation should repair a certain road leading to said corporation, does not make the corporation liable on an indictment for not repairing said road, neither would it be the case where the act of congress of 1826 [4 Stat. 183] makes the corporation liable for one-half of the expense of keeping the county roads in repair. In other words the corporation has no authority for any purpose beyond its own limits.

At law. Writ of error from the criminal court. On an indictment for a nuisance in not repairing a highway, etc.

P. Barton Key, U. S. Atty. for the District of Columbia, for the United States.
J. M. Carlisle, special counsel with U. S. Dist. Atty.
Robert Ould, for the corporation.

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]